IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SPRINGFIELD, SOUTHERN DIVISION

STEVEN URIE,

    Plaintiff,

v                                         No._____
                                                      **JURY DEMANDED**

RAVINDAR PRATAP, and
TRANS SOHAL LOGISTICS, INC.,

    Defendants.

## COMPLAINT

Plaintiff, Steven Urie, files this Complaint against Defendants Ravindar Pratap and Trans Sohal Logistics, Inc., and in support shows as follows:

### SUMMARY

These claims for relief stem from an interstate highway crash that occurred on March 8, 2017 on Interstate 44 Westbound. A tractor trailer operated by Ravindar Pratap, on business for Defendant Trans Sohal Logistics, Inc., struck the right front corner of the vehicle operated by Plaintiff Urie as Defendant Pratap was attempting to change lanes in front of Plaintiff Urie, causing serious injuries.

### I. PARTIES

1. Plaintiff, Steven Urie, is a resident of Bolivar, Polk County, Missouri.

2. Defendant Trans Sohal Logistics, Inc. (hereinafter "Defendant Trans") is, upon information and belief, a registered motor carrier with the Federal Motor Carrier Safety Administration and is a California company with its principal office at 3646

Popolo Circle, Stockton, CA 95212 doing business in the State of Missouri. Defendant Trans may be served process by serving its BOC-3 agent for process, DOTPROCESSAGENTS.COM LLC, whose registered agent is Paul Jarvis, 1801 W. Norton Road, Suite 205, Springfield, MO 65803.

3. Defendant Ravindar Pratap (hereinafter "Defendant Pratap") upon information and belief, is a resident of Hayward, Almeda County, California and may be served with process by serving him at his residence address of 22693 Hesperian Blvd., Hayward, CA 94541.

4. At all relevant times relevant to this civil action, Defendant Pratap was an agent, servant, statutory employee or employee of Defendant Trans and was acting within the course and scope of his statutory employment (49 U.S.C. §390.5) and/or agency; therefore, any negligence on the part of Defendant Pratap and/or any negligent acts committed by him, may be attributed to his employer, Defendant Trans, pursuant to the doctrine of *respondeat superior*, and said Defendant Trans is vicariously liable for such negligence and/or acts of negligence.

5. Plaintiff's causes of action arise in tort due to personal injuries and damages sustained as a result of a trucking collision that occurred on or about March 3, 2017 on Interstate 44 in Jasper County, Missouri.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a) as this case involves citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper in this Court because many of the acts complained of arouse within the district, including the collision itself.

### III. FACTS

8. On or about March 8, 2017 at approximately 3:42 p.m., Defendant Pratap, employee of Defendant Trans, was operating a 2011 International Harvester Conventional tractor pulling a trailer owned by Defendant Trans traveling westbound on Interstate 44 in Jasper County, Missouri.

9. On or about March 8, 2017 at approximately 3:42 p.m., Plaintiff Steven Urie was a passenger in a 2013 Freightliner Cascadia pulling a trailer traveling westbound on Interstate 44, when Defendant Pratap changed lanes in front of the Freightliner and struck said Freightliner in the right front corner with the left rear corner of the trailer being pulled by Defendant Pratap.

10. At the aforementioned time and place, Defendant Pratap, employee of Defendant Trans, negligently and carelessly allowed the trailer that he was towing to come into violent contact with the 2013 Freightliner, severely and permanently injuring Plaintiff Steven Urie.

11. At the aforementioned time and place, Defendant Pratap, negligently and carelessly left the scene of the accident.

### IV. COUNT I: NEGLIGENCE AND/OR NEGLIGENCE PER SE OF DEFENDANT RAVINDAR PRATAP

12. The allegations set forth in the previous paragraphs are incorporated here by reference.

13. The March 8, 2017 Defendant Pratap owed a duty to Plaintiff and other members of the motoring public to operate his commercial motor vehicle with the highest

degree of care and failed to do so and was negligent in one or more of the following acts and/or omissions, including but not limited to:

   a. Operating the subject commercial motor vehicle in an unsafe and unreasonable manner;

   b. In failing to change lanes when movement could be safely made;

   c. Failing to keep a proper lookout;

   d. Failing to judge the closeness of other vehicles;

   e. In allowing Defendant's trailer to collide with Plaintiff's vehicle;

   f. In leaving the scene of an accident; and

   g. Such other and further negligence, carelessness, recklessness and misconduct as will be proven at trial.

14. At the time and place of the crash, Defendant Pratap was negligent *per se* in that he was in violation of one or more of the following:

   a. Revised Statutes of Missouri § 304.015 Changing lanes when movement could not be made with safety; and

   b. One or more of the Federal Motor Carrier Safety Regulations.

15. As a direct and proximate result of Defendant's negligence and/or negligence per se, Plaintiff Steven Urie suffered and will continue to suffer traumatic injuries including, but not limited to, strain/sprains of the thoracic and lumbar back, and left knee, which required nerve blocks, physical therapy, and medications; emotional anguish and distress; medical bills; lost wages and incidental damages.

WHEREFORE, Plaintiff Steven Urie prays for judgment against Defendant Pratap for damages that are fair and reasonable, for costs and for such other and further relief as the Court deems just and proper in the premises.

### IV. COUNT II: VICARIOUS LIABILITY OF DEFENDANT TRANS SOHAL LOGISTICS, INC.

16. The allegations set forth in the previous paragraphs are incorporated here by reference.

17. Defendant Pratap was an agent, servant, statutory employee or employee of Defendant Trans, and at all times relevant herein, was operating within the course and scope of his agency, servitude, or employment with Defendant Trans and Defendant Trans is vicariously liable for such negligence or negligence per se.

18. As a direct and proximate result of Defendant Pratap's negligence and/or negligence per se, Plaintiff Steven Urie suffered and will continue to suffer traumatic injuries including, but not limited to, strain/sprains of the thoracic and lumbar back, and left knee, which required nerve blocks, physical therapy, and medications; emotional anguish and distress; medical bills; lost wages and incidental damages.

WHEREFORE, Plaintiff Steven Urie prays for judgment against Defendant Trans for damages that are fair and reasonable, for costs and for such other and further relief as the Court deems just and proper in the premises.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully Submitted,

**BRAD BRADSHAW, M.D., J.D., L.C.**

1736 E. Sunshine, Suite 600
Springfield, MO 65804
(417) 333-3333; FAX (417) 889-9229

By: _____
    Bradley L. Bradshaw, M.D., J.D.
Bar Numbers:
Kansas            15801
Missouri         41683
Iowa              AT0013939
Texas            00789165
Washington, D.C.   441423
brad@semitrucklaw.com

By: _____
    Jonathan P. Davis
Bar Numbers:
Missouri    60988
Arkansas   2009080
jondavis@semitrucklaw.com

*ATTORNEYS FOR PLAINTIFF*

JURY DEMAND

Plaintiff hereby requests a 12-person jury trial in the above-captioned cause in accordance with the laws of the State of Missouri.

_____
Bradley L. Bradshaw, M.D., J.D.